UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERTH D. GRANADOS,<br><br>   Petitioner,<br>  v.<br>WARREN L. MONTGOMERY,<br>Warden,<br><br>   Respondent. | Case No. CV 18-10037 SVW(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

**I. SUMMARY**

  On November 20, 2018, petitioner Herberth D. Granados, a state prisoner who is proceeding *pro se*, signed a Petition for Writ of Habeas Corpus ("Petition") which was formally filed on November 30, 2018.[1] Petitioner challenges his conviction following a nolo contendere plea in Los Angeles County Superior Court Case No. BA401149, claiming that his trial and appellate counsel were ineffective. It plainly appears from the face of the Petition that it is wholly unexhausted as it reflects that petitioner has not presented any claim challenging

///

---

 [1]The envelope containing the Petition bears initials dated November 25, 2018 on the seal and is postmarked November 26, 2018, and the Petition was received by the Clerk on November 29, 2018.

the judgment in issue to the California Supreme Court.[2] Accordingly, petitioner is not entitled to federal habeas relief on his claim at this time. As explained below, the Court dismisses this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II. DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[3] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

///

///

---

[2]Petitioner did appeal to the California Court of Appeal, First Appellate District in Case No. B277024, raising a sentencing claim not asserted herein, and such court affirmed the judgment on March 1, 2018. (Petition at 2-3).

[3]A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, the Petition affirmatively reflects that petitioner has not presented his claim – or any claim challenging the judgment in issue – to the California Supreme Court. (Petition at 3, 5).[4] Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claim because it has not been disposed of by the California Supreme Court.

Although it is clear that the California Supreme Court has not resolved petitioner's claim, the exhaustion requirement may nonetheless be satisfied if petitioner's claim is clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claim procedurally barred under state law. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of petitioner's claim might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of

---

[4] The Court's search of the public dockets of the California Supreme Court – which are available at http://appellatecases.courtinfo.ca.gov, and of which this Court takes judicial notice, yield no indication that petitioner has sought any relief from such court.

petitioner's claim.  See, e.g., Park v. California, 202 F.3d 1146, 1151-52 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Once, as in this case, a Court determines that a habeas petition contains only an unexhausted claim, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

## III.  ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.[5]

IT IS SO ORDERED.

DATED:  December 19, 2018

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[5] Petitioner is cautioned that if petitioner should later refile a federal habeas corpus petition, petitioner will be subject to the one-year period of limitation applicable to a petition for a federal writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period of limitation generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review and is tolled only during the period of time in which a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. §§ 2244(d)(1)(A), (d)(2).  The one year statute of limitations is not tolled during the time an unexhausted federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167 (2001) (holding that unexhausted federal habeas petition did not toll AEDPA statute of limitations).